OPINION
Appellants, Dan and Sherry Fechuck, entered into a lease agreement with appellee, Frederick Sears, for the rental of property and a mobile home thereon. Said agreement was for the term of one year commencing on July 1, 1991 and ending on July 1, 1992. The agreement included an option whereby appellants could purchase the property upon giving thirty days written notice and paying $1,000. On November 25, 1998, appellee filed a forcible entry and detainer action in the County Court against appellants seeking a writ of restitution and damages. Appellee claimed appellants had not paid rent since August of 1998. Appellants filed an answer claiming they had exercised the option and they had spent personal funds on the property towards payment. A hearing before a magistrate was held on December 17, 1998. By decision filed June 16, 1999, the magistrate found appellants had not exercised the option pursuant to the agreement. The magistrate found appellants have unlawfully and forcibly detained appellee possession of the property and ordered appellants to vacate the property within ten days. Appellants filed objections to this decision on June 30, 1999. A hearing was held on July 9, 1999. By judgment entry filed July 19, 1999, the trial court approved the magistrate's decision. Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE COUNTY COURT IN A FORCIBLE ENTRY AND DETAINER ACTION IN TAKING SUBJECT MATTER JURISDICTION COMMITTED REVERSIBLE ERROR WHERE EQUITABLE TITLE IS AN ISSUE.
 II. THE FINDING OF THE COUNTY COURT THAT APPELLANTS DID NOT PAY $1,000.00 AND EXERCISE THE OPTION TO PURCHASE IS REVERSIBLE ERROR AS A MATTER OF LAW.
 III. THE APPELLEE IS ESTOPPED FROM REQUIRING A 30-DAY WRITTEN NOTICE TO BE PRIOR TO THE EXERCISE OF THE OPTION TO PURCHASE AND THE FAILURE TO FIND THE SAME IS REVERSIBLE ERROR.
 IV. THE TRIAL COURT COMMITTED ERROR IN FAILING TO HOLD THE CERTAIN TERMS OF THE LEASE TO BE UNENFORCEABLE SUCH AS PAYING TAXES, INSURANCE AND REPAIRS.
 I
Appellants claims the County Court lacked subject matter jurisdiction because equitable title was in issue. We disagree. Appellants argue the trial court lacked jurisdiction because the issue was whether an option to purchase had been exercised, and if so, appellants had an equitable interest in the title to the property. In Shelton, et al. v. Smith (April 30, 1984), Perry App. No. CA-323, unreported, this court addressed the issue of subject matter jurisdiction of a county court in forcible entry and detainer actions involving a claim of equitable title as follows:
 The provisions of Ohio Revised Code Sections 1923.01(A) and 1923.02(A)(7), specifically grant County Court Judges jurisdiction in forcible entry and detainer actions arising out of land installment contracts.
Further, R.C. 5313.01(A) sets forth that option contracts for the purchase of real estate are not land installment contracts:
 `Land installment contract' means an executory agreement which by its terms is not required to be fully performed by one or more of the parties to the agreement within one year of the date of the agreement and under which the vendor agrees to convey title in real property located in this state to the vendee and the vendee agrees to pay the purchase price in installment payments, while the vendor retains title to the property as security for the vendee's obligation. Option contracts for the purchase of real property are not land installment contracts.
Based upon the foregoing, we find the trial court had subject matter jurisdiction. Assignment of Error I is denied.
 II, III
Appellants challenge the factual findings made by the magistrate. Appellants claim the trial court erred in denying the objections to these factual findings. We disagree. Pursuant to Civ.R. 53(E)(3)(b), "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." No transcript was filed until after the notice of appeal was filed on August 11, 1999. The objections addressed seven specific findings of fact. No transcript has been filed of the trial court's hearing on the objections therefore, we presume the trial court did not take any evidence. Based upon Civ.R. 53(E)(3)(b), we find appellants have not properly preserved their challenges to the magistrate's findings of fact. Assignments of Error II and III are denied.
 IV
Appellants claim that as a matter of law, certain terms of the lease agreement were unenforceable. Appellants argue the agreement requiring them to pay all annual mobile home taxes and to pay for all repairs is contrary to the provisions of R.C. 5321.04(A) which provides that a landlord is responsible for all repairs and to do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition. The issue of damages has yet to be determined by the trial court. Appellants claim the repairs made are de facto payments on money owed by exercising the option. Neither the magistrate nor the trial court addressed credits for repairs made or personal property taxes paid by appellants. The issue of damages encompasses these claims and any claim that the lease provisions were unenforceable. Upon review, we conclude these issues have not been addressed by the trial court and therefore the issues are premature for review. Assignment of Error IV is dismissed.
The judgment of the County Court of Tuscarawas County, Ohio is hereby affirmed.
HOFFMAN, P.J. and EDWARD, J. CONCUR.